Case 3:25-cv-00231   Document 19   Filed on 10/16/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas

**ENTERED**
October 16, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | § | |
|---|---|---|
| | § | |
| IN RE: M/V BUCCANEER | § | CIVIL ACTION NO. 3:25-cv-00231 |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

On October 2, 2025, Judge Jeffrey V. Brown referred to me Petitioner's motion for default judgment. *See* Dkt. 18. For the reasons stated below, I recommend that the court withdraw its entry of default (Dkt. 16), deny Petitioner's request for entry of default (Dkt. 15), and deny Petitioner's motion for default judgment (Dkt. 17) without prejudice to refiling once Petitioner cures the notice defects discussed below.

## BACKGROUND

On July 23, 2025, Petitioner Galveston Party Boats, Inc. filed a complaint as the owner and operator of the M/V *New Buccaneer* (the "Vessel"), a commercial passenger vessel. Petitioner seeks exoneration and/or limitation of liability pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule F") for any claims of damage or injury arising from a December 28, 2024 incident aboard the Vessel.

Petitioner represents that "Shawn Roghair allegedly suffered an injury while using the bathroom on the [Vessel]." Dkt. 2 at 2. Petitioner further maintains that it "first received written notice of a claim . . . on February 5, 2025." *Id.* at 3; *see also* Dkt. 2-4 at 1 (February 5, 2025 demand letter to Petitioner's counsel from a law firm purporting to represent Roghair).

Petitioner provided a Letter of Undertaking for $1,390,000.00—the value of the Vessel at the time of the December 28, 2024 incident—plus interest in the amount of six percent per annum as security for all claims in this proceeding. *See*

Dkt. 6. In its complaint, Petitioner requested an order approving the *ad interim* stipulation for the value of the Vessel, directing issuance of notice to claimants (the "Notice"), and restraining the prosecution of claims. *See* Dkt. 2. In accordance with Rule F(4), I ordered that the Notice be published in a newspaper for four consecutive weeks prior to the date fixed for the filing of claims. *See* Dkt. 7 at 3. Also, as required by Rule F(4), I ordered that Petitioner "shall *mail* a copy of the Notice to every person known to have made or anticipated to make any claim against [Petitioner] or the [Vessel], arising out of the December 28, 2024 incident." *Id.* (emphasis added).

On July 31, 2025, Petitioner's counsel emailed the Notice—as well as copies of all other pleadings and orders—to Crystal D. Taylor of Alexander Shunnarah Injury Lawyers, the individual who sent the demand letter to Petitioner's counsel. *See* Dkt. 15-2. On September 29, 2025, the court entered default against any and all parties who had not filed a claim. *See* Dkt. 16. This default was entered in error.

## ANALYSIS

**A.    STANDARD OF REVIEW FOR DEFAULT**

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (quotation omitted). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

"Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit has instructed:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*Id.* (citing Fed. R. Civ. P. 55(a)); *see also AT&T Corp. v. Acilis Backbone Techs., LLC*, No. 1:22-cv-466, 2022 WL 19404026, at *1 (W.D. Tex. July 28, 2022) ("Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." (quotation omitted)).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "For purposes of clarity, '[t]he defendants in the limitation action are those parties who have suffered damage in the casualty and would normally be plaintiffs in their own right, had they commenced the action originally.'" *Matter of Cangiano*, 411 F. Supp. 3d 234, 239 n.6 (D. Conn. 2019) (quoting 3 Benedict on Admiralty § 12(A) (2019)).

**B.    NOTICE REQUIRED BY RULE F(4)**

"Limitation of liability actions are governed by Rule F," which "provides for a different means of providing claimants with notice of the action than service of process" under Rule 4. *In re Prosper Operators, Inc.*, No. 2:16-cv-01363, 2017 WL 3495761, at *5 (W.D. La. Aug. 14, 2017). Under Rule F, a limitation petitioner is required to give "notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the [petitioner] a copy thereof on or before a date to be named in the notice." Supp. R. F(4). To be effective, notice must be (1) published in a newspaper "once a week for four successive weeks prior to the date fixed for the filing of claims"; and (2) mailed "to every person known to have made any claim against the vessel or the [petitioner] arising out of the voyage" at issue. *Id.*

A default judgment is appropriate against any potential claimant who has failed to respond to notice of a complaint for exoneration from or limitation of liability so long as the petitioner has complied with the notice and publication

requirements of Rule F(4). *See Matter of D'Ancona*, No. 19-cv-5492, 2021 WL 4482615, at *3 (E.D.N.Y. May 24, 2021) (collecting cases).

**C.    PETITIONER HAS NOT PROPERLY NOTIFIED ROGHAIR**

Rule F(4) and this court's July 30, 2025 Order required Petitioner to "mail a copy of the Notice to every person known to have made or anticipated to make any claim against [Petitioner] or the M/V NEW BUCCANEER, arising out of the December 28, 2024 incident." Dkt. 7 at 3. In this case, that is one person: Roghair. *See* Dkt. 2 at 2; Dkt. 2-4. Petitioner alleges that it has properly notified Roghair by emailing all pleadings and orders in this case "to the attorney representing Shawn A. Roghair." Dkt. 15-2 at 2.

In determining whether proper notice has been given, it is important to remember that "[t]he existence of an attorney-client relationship 'does not, in itself, convey authority to accept service.'" *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-cv-1901, 2021 WL 1169535, at *2 (N.D. Tex. Mar. 11, 2021) (quotation omitted); *see also Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."). As I have noted in a similar case, "service on an attorney cannot constitute notice unless that attorney is authorized to accept service." *In re F/V Captain Michael II*, No. 3:23-cv-00145, 2023 WL 4865016, at *2 (S.D. Tex. July 31, 2023) (quoting *Garza v. Armstrong*, No. 3:22-cv-00418, 2023 WL 2842766, at *2 (S.D. Tex. Apr. 6, 2023) (citing *United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3d Cir. 1995) (collecting cases)).

Here, there is no evidence that Crystal Taylor, the individual who sent the February 5, 2025 demand letter to Petitioner's counsel, had the actual authority to accept notice on Roghair's behalf. Without proof that Crystal Taylor has authority to accept notice on Roghair's behalf, Petitioner has not notified Roghair as required under Rule F. *See Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). Even if there was evidence in the record that Crystal Taylor is authorized to accept notice on Roghair's behalf, default still would not be appropriate. In addition to this

court's July 30, 2025 Order, Rule F requires Petitioner to "*mail* a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Supp. R. F(4) (emphasis added). "Mail" means "letters conveyed under public authority," not electronic mail. *See Prince v. Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989) (citation modified).[1]

Given Petitioner's failure to comply with this Court's July 30, 2025 Order and Rule F(4), default should not have been entered, and default judgment certainly is not appropriate at this juncture. Because doubts must be resolved in the defaulting party's favor, I will extend the time for Roghair to file a claim in this proceeding to Friday, November 28, 2025. *See* Supp. R. F(4) ("For cause shown, the court may enlarge the time within which claims may be filed."). I will enter a Supplemental Notice advising Roghair of the enlarged time for filing claims in this proceeding.

## CONCLUSION

For the reasons stated above, I recommend the court withdraw its entry of default and deny Petitioner's request for entry of default and motion for default judgment without prejudice to refiling.

Petitioner is **ORDERED** to mail a copy of this Memorandum and Recommendation and the Supplemental Notice to Roghair by certified mail, return receipt requested, no later than Friday, October 24, 2025.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

---

[1] Petitioner is reminded that this district's local rules require motions for default judgment to "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. LR5.5.

SIGNED this 16th day of October 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE